■ Town Realty, Inc., Appellant-Respondent, v. State of New York, Respondent-Appellant. (Claim No. 42686.) — Reynolds, J. Appeal and cross appeal from a judgment of the Court of Claims awarding claimant $8,208, interest, for property taken pursuant to section 30 of the Highway Law. When this matter was here before (27 A D 2d 964) we withheld determination and remitted the case to the Court of Claims for clarification of its findings with respect to the highest and best use, commercial or residential, of the parcel appropriated and the nature and amounts of damages to the portion of the parcel which was not appropriated but which the trial court had considered so. However, the Trial Judge who had heard the case died and pursuant to stipulation and by order of this court the case was returned to the Court of Claims for a Judge or Judges of that court to render a new decision on the record previously made and in accordance with our prior decision. This has now been done and the instant appeals ensued therefrom. Involved is some 1920 square feet of land known as 250–252–254 Green Street in the City of Albany on which three brick buildings, all at least 75 years old, were located. In addition to the property taken in fee, a temporary easement for demolition purposes was taken over the remaining property. The trial court has now found that the best and highest use for the property was for commercial purposes and that its before value was $4 per square foot for direct damages of $7,680. With respect to the remaining parcel the trial court determined that although access was lost to Green Street it was still available to Fourth Avenue and that the comparables advanced by claimant to support its appraisal value refuted its contention that the remainder suffered a 100% consequential damage. Accordingly, on the basis of claimant's comparables he found consequential damages of $.25 per square foot. The trial court refused to make any award for the temporary easement since claimant had sought none. Both litigants attack the $4 per square foot figure arrived at by the trial court. The State urges that determining a new value was not within the scope of the directions given by this court on remand and in any event the value arrived at is not supported by the evidence. We cannot agree with either contention. Clearly in rendering a new decision with a different use, the trial court could not be held to have been bound by the prior valuation, and the record amply supports the $4 figure rendered. Nor can we find any merit in the claimant's contention that a 15% increase to $4.60 per square foot is mandated because of a "corner influence" testified to by the experts. It is clear from the record that the trial court manifestly considered this factor in making its decision. Similarly both litigants dispute the award of consequential damages. Claimant attacks the after value of $7,920 as unsupported by the evidence and urges that the remainder is worthless. The State claims that the property suffered no consequential damages since it never had and therefore could not have lost access to Green Street. Again we cannot agree that the award must be reversed on either of these grounds. The trial court amply and adequately explained on the basis of the comparables advanced by the claimant how it arrived at the $7,920 figure and we see no reason to disturb its finding (*Matter of City of New York* [*Coogan*], 20 N Y 2d 618, 625; *Matter of City of New York* [*A. & W. Realty Corp.*], 1 N Y 2d 428; compare, e.g., *Clearwater* v. *State of New York*, 28 A D 2d 936). Finally claimant asserts that if the remainder subject to the temporary easement is not worthless then damages should have been allowed for this temporary use. This is clearly true (19 N. Y. Jur., Eminent Domain, §§ 216, 217 and cases cited therein; 4 Nichols, Eminent Domain, § 12.5), but claimant did not in its claim, its bill of particulars or in any evidence produced at the trial

advance this contention even as a contingent alternative to its position that the remainder was worthless and thus cannot raise it here on appeal for the first time (*Schillawski* v. *State of New York*, 9 N Y 2d 235; cf., *Guptill Holding Corp.* v. *State of New York*, 20 A D 2d 832). Judgment affirmed, without costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Reynolds, J.